IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID HERNANDEZ on Behalf of Himself and All Others Similarly Situated, | ) | Collective Action |
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 1:25-cv-485 |
| ILLIANA TRANSIT WAREHOUSE CORPORATION, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

This is a Collective Action brought on behalf of all former and current hourly employees of Defendant ("the Collective Action") against Defendant, Illiana Transit Warehouse Corporation ("Illiana").

**I. Parties**

1. Each member of the Collective Class is or was a hourly employee working for Illiana in an Indiana facility at all times relevant to this action.

2. Plaintiff, Mr. Hernandez, is a resident of Lake County, Indiana.

3. Defendant, Illiana, is a company with a facility in Lake County, Indiana.

**II. Jurisdiction and Venue**

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Collective bring this action to enforce his rights under the FLSA, as allowed by 29 U.S.C. §216.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

6. Venue in the Northern District of Indiana, Hammond Division, is appropriate by virtue of Plaintiff's residence and Defendant doing business in this District.

## III. Class and Collective Action Allegations

7. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as hourly employees at an Indiana facility of Illiana ("the Collective Action").

8. The members of the Collective Action were paid on an hourly basis.

9. The members of the Collective Action were not paid for all overtime worked.

10. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, addresses, and relevant documentation of members of the Collective Action should be in the business records of Illiana. Notice may be provided to members of the Collective Action or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

11. Mr. Hernandez began employment with Illiana on September 1, 2021.

12. Mr. Hernandez was paid on an hourly basis.

13. Mr. Hernandez was not paid for all time worked which included overtime hours.

14. Illiana refused to round to the nearest quarter hour as required by Department of Labor regulations.

15. Rather, Illiana would always round forward to the next quarter of an hour.

16. Iliana willfully failed to pay Mr. Hernandez these overtime hours.

17. Mr. Hernandez was terminated by Illiana on February 5, 2024.

18. The wage claim of Mr. Hernandez has been referred to the office of counsel for Plaintiff by the Attorney General's Office in conjunction with the Department of Labor on October 14, 2025.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

19. Plaintiffs incorporate paragraphs 1 through 18 by reference herein.

20. Plaintiff and the members of the Collective Action are or were hourly employees of Iliana.

21. Illiana is a covered employer pursuant to the FLSA.

22. Plaintiff and the members of the Collective Action are covered employees pursuant to enterprise coverage under the FLSA.

23. Plaintiff and the members of the Collective Action are covered employees because their work involved interstate commerce.

24. Illiana had gross revenues of at least $500,000.00 for the 2020 calendar year.

25. Illiana had gross revenues of at least $500,000.00 for the 2021 calendar year.

26. Illiana had gross revenues of at least $500,000.00 for the 2022 calendar year.

27. Illiana had gross revenues of at least $500,000 for the 2023 calendar year.

28. Illiana had gross revenues of at $500,000 for the 2024 calendar year.

29. Plaintiff and the members of the Collective Action have been and continue to be damaged by Defendant's violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Action for the overtime wages owed to them during the course of their employment with Defendant with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II – Individual Action**
**Wage Claims Statute**

30. Mr. Hernandez incorporates paragraphs 1 through 29 by reference herein.

31. Illiana is an employer pursuant to the Wage Claims Statute.

32. Illiana failed to pay Mr. Hernandez all that he was due and owing.

33. Mr. Hernandez has been damaged by Defendant's violations of the Wage Claim Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Collective Action Counsel

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: 317.842.6600
Fax: 317.842.6933
rweldy@weldylegal.com